**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AKMALA A. AQUIL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK,<br><br>Defendant. | No. 24cv10021 (EP) (CLW)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Akmala Aquil seeks to bring this action *in forma pauperis* ("IFP") against Defendant the City of Newark. D.E. 1 ("Compl." or "Complaint"). The Court construes Plaintiff's Complaint to allege religious discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII")[1] under a failure to accommodate theory. Plaintiff seeks to recover "all the money from [his] pension loan," "all [his] days of suspension," and $250,000 of punitive damages. *Id.* at 4.

For the reasons below, the Court will **GRANT** Plaintiff's IFP application, D.E. 1-1, and **DISMISS** the Complaint *without prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   BACKGROUND[2]**

Plaintiff works for the City of Newark's Water and Sewage Department. Compl. at 3. As early as June 2022, Plaintiff requested to work the Sunday to Thursday shift to accommodate his unspecified "religious obligation of Friday service." *Id.* James Harvey[3] was aware of his request.

---

[1] 42 U.S.C. §§ 2000e-2000e-17.
[2] The facts in this section are taken from the well-pled factual allegations in the Complaint, which the Court presumes to be true for purposes of resolving the motions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[3] Plaintiff does not explain Harvey's role.

*Id.* At some point, Kareem Adeem[4] told Plaintiff that he was hiring two new individuals for the Sunday to Thursday shift. *Id.* The unidentified Director of Personnel told Plaintiff to file a request for the position. *Id.* However, two new employees were hired for this shift over Plaintiff, even though he was the most senior member of the team. *Id.*

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915, the Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

However, courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.[5] 28 U.S.C. § 1915(e)(2)(B). To survive a *sua sponte* screening for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 555). Because

---

[4] Plaintiff does not explain Adeem's role.
[5] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.") (internal quotation marks omitted).

Plaintiff proceeds *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. ANALYSIS

As Plaintiff sufficiently establishes his inability to pay, the Court will **GRANT** his IFP application. However, for the reasons below, the Court will dismiss his Complaint.

### A. Plaintiff Failed to Exhaust His Administrative Remedies

Title VII prohibits discriminatory employment practices based upon an individual's "race, color, religion, sex, or national origin." 42 U.S.C. 2000e–2(a)(1). However, "before commencing a Title VII action in court, the employee must first file a charge with the EEOC." *Powell v. Verizon New Jersey, Inc.*, No. 19-08418, 2022 WL 2187997, at *2 (D.N.J. June 17, 2022) (citing *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 543 (2019)).[6] After filing a charge with the EEOC, a plaintiff must receive a "right to sue" letter before filing an action with the district court. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).

Because Plaintiff has not alleged that he obtained a right to sue letter or filed a charge with the EEOC, the Complaint must be dismissed. *See Powell*, 2022 WL 2187997, at *2; *see also Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 (3d Cir. 2011) ("Failure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure

---

[6] Under Title VII, if the allegations concern conduct occurring in a State subdivision that has a fair employment agency of its own empowered "to grant or seek relief," the complainant should first file his charge with the state or local agency. § 2000e–5(c). The complainant then has 300 days following the challenged practice, or 30 days after receiving notice that state or local proceedings have ended (whichever is earlier) to file a charge with the EEOC. § 2000e–5(e)(1). If the state or local agency has a "worksharing" agreement with the EEOC, the complainant may file his charge with one agency, and that agency will then relay the charge to the other. *Fort Bend Cnty.*, 587 U.S. at 543.

to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). Therefore, the Court will **DISMISS** Plaintiff's Title VII claim for failure to exhaust administrative remedies.

### B. Plaintiff Fails to State a Substantive Claim Under Title VII

The Court construes the Complaint to allege that Defendant failed to accommodate Plaintiff's religious obligations by not hiring him for one of the two open positions on the Sunday to Thursday shift. *See* Compl. at 2. To establish a *prima facie* case for failure to accommodate a religious belief, a plaintiff must show that he: (1) held a sincere religious belief that conflicted with a job requirement, (2) informed his employer of the conflict, and (3) was disciplined for failing to comply with the conflicting requirement." *Saqa v. Factory Mut. Ins. Co.*, No. 23-3994, 2024 WL 939689, at *4 (D.N.J. Mar. 5, 2024) (citing *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 319 (3d Cir. 2008)); *see Worthy v. Unilever United States, Inc.*, No. 23-17570, 2024 WL 3326039, at *5 (D.N.J. July 8, 2024) (applying this analysis for a religious discrimination claim).

Interpreting the Complaint liberally, the Court assumes Plaintiff's current shift conflicts with his religious obligations of "Friday service." However, Plaintiff fails to plead the latter two elements. Plaintiff fails to allege whether he communicated this conflict to his employer, or that his employer knew his shift request was to accommodate his religious obligations. Finally, Plaintiff fails to allege that he was disciplined in any way; instead, he alleges that others were hired for the position. Therefore, even if Plaintiff exhausted his administrative requirements, the Court would find he failed to state a claim upon which relief can be granted.[7]

---

[7] Should Plaintiff file an amended complaint, he should clarify his allegations. For example, it is unclear when the underlying events are alleged to have occurred, if his supervisors were aware of his religious obligations, or who allegedly committed a civil rights violation.

4

## IV.  CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's IFP application and **DISMISS** *without prejudice* the Complaint for Plaintiff's failure to exhaust his administrative remedies. Plaintiff will have **45** days to file an amended complaint that cures the deficiencies set forth herein.

An appropriate Order accompanies this Opinion.

_1/13/2025_
Date

_[signature]_
Evelyn Padin, U.S.D.J.